Richard B. Whitney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 24, 1981, to Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Richard B. Whitney,* petitioner, for himself.

*William J. Kennedy,* Associate Counsel, with him *Richard J. Cole, Jr.,* Chief Counsel, for respondent.

PER CURIAM, September 17, 1981:

The claimant in this interstate unemployment compensation case left his work with Bechtel Power Corp. at Berwick, Pennsylvania, on May 30, 1979, and moved to California where he made claim for unemployment benefits in July, 1979, giving, according to a box marked on his claim form "lack of work" as the reason for separation. On this form his address is recorded as 467 Belvedere Street, San Francisco. On a continued claim form filed in California for weeks in September, 1979, the claimant's address is recorded as 494 Woodward Avenue, Pasadena. On a continued claim form for other weeks in September, 1979, his address is recorded as 1619 Bedford Lane, Newport Beach, California. On September 19, 1979, the claimant sent to the Pennsylvania Bureau of Employment Security saying that he was not retired and avising: "Until further notice please address mail to 494 Wood-

ward Avenue, Pasadena.'' On September 21, 1979, the Bureau sent claimant a notice of disqualification for having voluntarily quit his job to 494 Woodward Avenue, Pasadena. The claimant filed a timely appeal from this decision and in a covering letter dated October 2, 1979, wrote the address: 1619 Bedford Avenue, Newport Beach, California. A hearing on the merits was conducted and on November 27, 1979, a Pennsylvania referee decided that the claimant was disqualified as a voluntary quit and subject to a $320 fault overpayment. Notice of this decision was mailed to the claimant at 494 Woodward Avenue, Pasadena, the address it will be recalled to which the claimant had directed his mail to be sent "until further notice'' on November 27, 1979. A timely appeal from this decision would have to be filed, that is, postmarked within fifteen days, or not later than December 12, 1979. The claimant's appeal was postmarked December 15, 1979, and of course received by the Board of Review after that date.

The Board of Review then provided the claimant a hearing in California on the matter of the timeliness of the appeal at which the claimant appeared and testified. He testified, *inter alia,* that he was in possession of the referee's decision of November 27, 1979, by December 4, 1979, and he gave no reason for not filing the appeal by mailing it on or before December 12, 1979.

The claimant says that the Pennsylvania compensation authorities erred in not sending the November 27, 1979, referee's decision to the 1619 Bedford Lane, Newport Beach address because that address was provided to them in early October, 1979. On the other hand, on September 19, 1979, the claimant told the Employment Security Bureau to address mail to 494 Woodward Avenue, Pasadena "until further notice.'' No such further notice was received. Further, on Oc-

tober 2, 1979, the claimant filed a timely appeal from the decision on the merits, notice of which had been sent to him at 494 Woodward Avenue, Pasadena. Finally, as noted, the claimant actually had the referee's decision in hand eight days before the last day for filing the appeal. We, therefore, conclude that the Board of Review's action dismissing the appeal as untimely must be affirmed.

Although our affirmance of the Board's order is limited to the timeliness of the claimant's appeal, we will add that we have carefully reviewed the claimant's testimony regarding the circumstances of his leaving his employment and conclude that they do not demonstrate that his action was for causes which the law has yet said are compelling and necessitous.

Order affirmed.

### Per Curiam Order

And Now, this 17th day of September, 1981, the order of the Unemployment Compensation Board of Review dated April 15, 1980, is affirmed.